Case No.   **CV 11-6897-JFW (RZx)**           Date:  February 14, 2012

Title:   Frederick M. Brown -v- Frederick J. Brown, et al.

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| S. Eagle | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [filed 1/24/12; Docket No. 51]

      On January 24, 2012, Plaintiff Frederick M. Brown ("Plaintiff") filed a Motion for Leave to Amend Complaint ("Motion"). On February 6, 2012, Defendant Frederic J. Brown ("Defendant") filed his Opposition. On February 9, 2012, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 27, 2012, is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

      Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, "[o]nce the district court has issued a pretrial scheduling order establishing a timetable for pretrial motions, Rule 16, not Rule 15, controls the amendment of pleadings." *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995). Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (holding that "the focus of the Rule 16 'good cause' inquiry is on the moving party's diligence, or lack thereof, in seeking amendment"). As the Ninth Circuit explained:

> The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and

> offers no reason for a grant of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus on the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (citations and quotations omitted); *see also Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."). "As Rule 16 recognizes, scheduling orders are at the heart of case management, and are intended to alleviate case management problems" and "good-faith compliance with Rule 16 plays an important role in this process." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citations and quotations omitted).  Accordingly, to demonstrate diligence, the moving party is required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order.  *Id.* at 608.  Finally, the Ninth Circuit has stated that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Johnson*, 975 F.2d at 609.

On October 27, 2011, the Court concluded that a Scheduling Conference was unnecessary, and issued a Scheduling and Case Management Order ("CMO") in this case.  Pursuant to the CMO, the "deadline for joining parties and amending pleadings is sixty days after the date of this Order.  Any motions to join other parties or for leave to amend the pleadings shall be filed within twenty days of the date of this Order so that they can be heard and decided prior to the deadline."  CMO at 7.  Accordingly, Plaintiff had until November 16, 2011, to file a motion to amend the pleadings, with a final deadline for amending the pleadings of December 26, 2011.  *See id.*  Plaintiff did not file his Motion until January 24, 2012 - more than two months after the deadline for filing such a motion had passed - "[t]hus, consideration of plaintiff's ability to amend the complaint is governed by Rule 16(b), not Rule 15(a)."  *Eckert*, 943 F. Supp. at 1232.

Plaintiff has failed to demonstrate good cause that would justify a modification of the deadlines set forth in the Court's October 27, 2011 CMO.  The additional "fact" supporting the addition of Agence France-Presse ("AFP") as a party and the amendment of Plaintiff's claims is that Defendant is an employee of AFP, as opposed to being an independent contractor.  Plaintiff argues that his counsel only recently became aware of this fact in mid-January.  However, on September 13, 2011, Defendant filed a declaration in this case in which he stated that "I am employed as a staff photographer for the international news agency Agence France-Presse."  On October 20, 2011, Defendant served verified responses to Plaintiff's Interrogatories, in which he stated that "[i]n the fall of 1997, Defendant was hired to work as a staff photographer by Agence France-Presse ('AFP'), where he remains employed to this day."  Defendant also identified AFP as his employer in numerous Interrogatory responses.  On November 2, 2011, in Defendant's Answer to Plaintiff's Complaint, Defendant stated, with respect to bylines on his photographs, "that all such bylines since or around 1997 also contain the name of his employer, Agence France-Presse, or 'AFP.'"  Accordingly, Plaintiff has failed to provide the Court with an adequate explanation for his

delay in seeking to bring a motion to add a party and amend his claims, particularly when all of the information was available to him prior to the issuance of the CMO, which established the November 16, 2011 deadline for filing this Motion. *Johnson*, 975 F.2d at 609 (holding that a plaintiff's failure "to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence").

Because Plaintiff's Motion fails to demonstrate good cause, Plaintiff's Motion is **DENIED**. *See Johnson*, 975 F.2d at 609 (noting that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment").

IT IS SO ORDERED.